UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| GLENN EARL PROPER, | ) | |
| Plaintiff, | ) | Case No. 5:14cv00066 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | By: Joel C. Hoppe |
| | ) | United States Magistrate Judge |

Glenn Earl Proper, proceeding *pro se*, filed this action against the United States

Department of Veterans Affairs ("the Department") alleging that two of its physicians

negligently provided substandard care, which caused Proper to injure himself in a car accident.[1]

ECF No. 2. The United States moved for summary judgment on the merits, ECF. No. 13, and

Proper timely responded, ECF No. 17. The motion is before the undersigned Magistrate Judge

for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). ECF No. 4.

Having considered the parties' pleadings, all supporting materials, and the applicable law,

I respectfully recommend that the presiding District Judge dismiss the action without prejudice,

Fed. R. Civ. P. 12(h)(3), because Proper did not exhaust mandatory administrative remedies

before filing suit. This deprives the Court of subject-matter jurisdiction over the action.[2]

---

[1] Proper alleges facts that could give rise to a cause of action under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, which "provides the exclusive remedy for torts
[committed] by a government employee in the scope of his employment." *Benston v. Evans*, 170
F. App'x 269, 270 (4th Cir. 2006) (per curiam) (citing *United States v. Smith*, 499 U.S. 160,
165–66 (1991)). The United States is the sole party-defendant against whom judgment could be
entered. *Benston*, 170 F. App'x at 270 (citing 28 U.S.C. § 2679); *see also* Oral Order Granting
Mot. to Subst. Def., May 21, 2015, ECF No. 21.

[2] Accordingly, this report and recommendation does not address the Government's motion for
summary judgment on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94
(1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power
to declare the law, and when it ceases to exist, the only function remaining to the court is that of
announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514
(1869)).

1

## I. Background

In November 2011, Proper established care at the Veterans Affairs Medical Center ("VAMC") in Martinsburg, West Virginia, to manage his chronic neck pain. Compl. ¶ 1. Proper's assigned physician, Dr. Shakespere, prescribed Gabapentin. *Id. ¶* 2. The drug did nothing to relieve Proper's pain, but it did cause "several adverse reactions" including anxiety, depression, insomnia, confusion, trouble concentrating, and erectile dysfunction. *Id.* ¶¶ 3–4. Proper requested a new physician, Dr. Havron, who substituted Pregabalin for Gabapentin. *Id.* ¶ 6. Proper had the same bad reactions to this drug. "After many attempts to communicate with Dr. Havron, both in person and via the [VAMC's] secure message system, [Proper] realized that Dr. Havron would do nothing to address the adverse reactions." *Id.* ¶ 7.

On December 5, 2012, Proper told Dr. Havron that he was "stopping all drugs" until someone explained "why these chemicals ha[d] left him in this condition." Pl. Supp'l Ex. G, at 4, ECF No. 22-7; *see also* Compl. ¶ 7. The next day, while Proper was driving on Interstate 81, the "effects from the prescribed drug caused [him] to freeze" and crash his car.[3] Compl. ¶ 7. The car was totaled, and Proper suffered four fractured vertebrae, an inoperable head wound and brain injury, a broken dental plate and several broken teeth, a dental infection, and severe emotional trauma. *See id.*

On June 13, 2014, Proper completed a Standard Form 95 ("SF-95") addressed to the Department of Veterans Affairs Office of Regional Counsel in Baltimore, Maryland. *See* Pl.

---

[3] In his Complaint, Proper alleged that the accident happened on December 6, 2014, just five days before he filed this lawsuit. Compl. ¶ 8. At a hearing and in supplemental exhibits, Proper claimed that the accident actually happened on December 6, 2012. *See, e.g.*, Pl. Supp'l. Ex. B, at 1, ECF No. 22-2; Pl. Supp'l Ex. D, at 1, ECF No. 22-4; Pl. Supp'l. Ex. G, at 4. Viewing the record as a whole, it appears that Proper made a mistake when drafting his *pro se* Complaint. Accordingly, the Court will assume that Proper's cause of action arose on December 6, 2012. *See* W. Va. Code § 55-7B-4 ("A cause of action for injury to a person alleging medical professional liability against a health care provider arises as of the date of injury . . . .").

2

Supp'l Ex. D, at 1. A handwritten statement sets out the basis of a $2,000,000 damages claim

against the Department:

> Dr. Havron was assigned as the primary care physician for my account at the
> VAMC Martinsburg. He prescribed Pregabalin as a replacement for the drug
> Gabapentin, which was causing life endangering reactions. The adverse reactions
> continued, Dr. Havron was notified several times and he did nothing to address
> the adverse reactions, which then caused me to lose control of my vehicle on the
> interstate. Vehicle was a total loss. [I] sustained several debilitating injuries
> [including] 4 fractured neck bones, attenuated artery feeding the brain, broken
> teeth, broken dental plate, inoperable head wound, closed skull brain injury, [and]
> post-traumatic stress.

*Id.* The Department received Proper's executed SF-95 on June 30, 2014. *See* Pl. Br. in Opp. 2,

ECF No. 17; Def. Br. in Resp. 1, ECF No. 24.

On December 11, 2014, Proper filed this lawsuit against the Department seeking

$2,000,000 in compensatory damages for injuries he sustained in the December 6th car accident.

Compl. ¶¶ 7–8. The United States moved for summary judgment, asserting that Proper did not

comply with certain state-law notice and certification requirements before filing this medical-

malpractice action in federal court. *See* Def. Br. in Supp. 3–4, ECF No. 14 (citing W. Va. Code §

55-7B-6(b)). The Court heard oral argument on May 21, 2015.

On June 23, 2015, the Court *sua sponte* ordered the parties to address whether Proper

exhausted certain federal administrative remedies before he filed suit on December 11, 2014.

ECF No. 23. The United States conceded that Proper presented his claim to the appropriate

federal agency on June 30, 2014, but asserted that he did not wait six months before bringing the

claim to federal court. *See* Def. Br. in Resp. 1–2. It also informed the Court that the Department

"issued a certified letter to [Proper] finally denying his claim" on February 10, 2015. *Id.* at 2.

The United States now urges the Court to dismiss the action for lack of subject-matter

jurisdiction. *See id.* Proper responded that his claim was "filed with" the Department on June 13,

2014, and denied more than seven months later, on February 10, 2015. *See* Pl. Br. in Resp. 1,

ECF No. 25. Liberally construed, Proper's response urges the Court to exercise subject-matter jurisdiction over the action because the Department waited more than six months to "render [its] decision." *Id.*

## II. Discussion

The United States is immune from all suits against it unless it has expressly waived sovereign immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA is a limited waiver of sovereign immunity "for certain torts committed by federal employees" while acting in the scope of their employment. *FDIC v. Meyer*, 510 U.S. 471, 475, 476–77 (1994); 28 U.S.C. § 1346(b)(1). The statute imposes tort liability on the Untied States "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and to the extent that "a private person[] would be liable to the claimant in accordance with the law of the [state] where the act or omission occurred," *id.* § 1346(b)(1).

The statute "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing 28 U.S.C. § 2675(a)). To exhaust, a claimant must "present" the claim "to the appropriate Federal agency" and the agency generally must "finally den[y]" the claim in writing. 28 U.S.C. § 2675(a). A claimant may also "deem" his claim denied if the agency to which it was presented does not "make a final disposition of a claim within six months after it is filed." *Id.* A claim is deemed "presented when a Federal agency *receives* from a claimant . . . an executed [SF-95] or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a) (emphasis added). "If the administrative claim is

4

denied, or if six months elapse without agency action on the claim, a claimant may bring suit in federal court." *Lopatina v. United States*, 528 F. App'x 352, 356 (4th Cir. 2013) (per curiam).

The FTCA's exhaustion requirement is jurisdictional and cannot be waived or forfeited.[4] *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000); *Plyler v. United States*, 900 F.2d 41, 42 (1990). Thus, Proper bears the burden of establishing that he exhausted his administrative remedies on or before December 11, 2014. *Plyler*, 900 F.2d at 42; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [its] elements."). The Court must dismiss the action if Proper does not "'set forth' by affidavit or other evidence, 'specific facts'" that, accepted as true, establish the Court's authority to entertain his damages claim. *Lujan*, 504 U.S. at 561 (quoting Fed. R. Civ. P. 56(e)).

A claim is presented to an agency on the date the agency receives it. *See Johnson v. United States*, 906 F. Supp. 1100, 1103–04 (S.D. W. Va. 1995) (citing 28 U.S.C. § 2675(a)); 28 C.F.R. § 14.2. Proper presented his claim to the appropriate Federal agency on June 30, 2014, the date on which the Department received his executed SF-95. *See* Pl. Br. in Opp. 2; Def. Br. in Resp. 1. He filed suit five months and two weeks later, on December 11, 2014.[5] Proper does not allege that the Department "finally denied" the claim on or before that date.[6] *See generally*

---

[4] The United States did not raise this issue before the Court ordered the parties to respond. "When a requirement goes to subject-matter jurisdiction," however, courts must "consider *sua sponte* issues that the parties have disclaimed or not presented." *Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 648 (2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3), regardless of the costs imposed or the resources expended thus far. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *Plyler*, 900 F.2d at 42.

[5] Proper signed the SF-95 on June 13, 2014, which is still less than six months before he filed suit. *See* Pl. Supp'l Ex. D, at 1.

[6] On the contrary, Proper concedes that the Department "finally denied" his claim on February 10, 2015. Pl. Br. in Resp. 1; *see also* Def. Br. in Resp. 2. Unfortunately, that fact cannot cure a jurisdictional defect that existed at the time of filing. *See McNeil*, 508 U.S. at 111–13; *Plyler*, 900 F.2d at 42; *Messino v. McBride*, 174 F. Supp. 2d 397, 399 (D. Md. 2001). Proper must file a

5

Compl. 1–3; Pl. Br. in Opp. 1–2; Pl. Br. in Resp. 1. On this record, it is clear that Proper did not wait six months after presenting the claim to the Department before he brought the claim into federal court. 28 U.S.C. § 2675(a).

The Court understands Proper's desire to finally resolve his medical-malpractice claim against the Department of Veterans Affairs. "[B]ecause the FTCA constitutes a waiver of sovereign immunity," however, "plaintiffs like [Proper] must file an FTCA action in careful compliance with its terms." *Kokotis*, 223 F.3d at 279. One of those terms is that Proper wait six months after presenting his claim to the Department before coming to court. Proper filed suit two weeks prematurely; thus, this Court had no authority to hear the case when it was filed. The Court must dismiss the action for lack of subject-matter jurisdiction. *See Plyler*, 900 F.2d at 42; *Cox v. U.S. Marshals Serv. Headquarters*, Civ. Act. No. CCB-11-2659, 2011 WL 6000557, at *3 (D. Md. Nov. 29, 2011); *Fishman v. United States*, No. 5:08-CT-3115-BO, 2011 WL 2618897, at *2 (E.D.N.C. July 1, 2011); *Messino*, 174 F. Supp. 2d at 399.

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **DISMISS** the action **without prejudice**. Fed. R. Civ. P. 12(h)(3).

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings

---

new action before the court can consider the merits of his medical-malpractice claim against the Department. *Plyler*, 900 F.2d at 42 n.*; 28 U.S.C. § 2401(b).

or recommendations made by the magistrate judge. The judge may also receive
further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within

14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is

directed to transmit the record in this matter to the Honorable Elizabeth K. Dillon, United States

District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the parties.

ENTER: July 7, 2015

Joel C. Hoppe
United States Magistrate Judge

7