IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| GLENN EARL PROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00066 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Defendant United States of America moves for summary judgment against *pro se* plaintiff Glenn Earl Proper. (Def.'s Mot. for Summ. J. 1, Dkt. No. 13.) In accordance with 28 U.S.C. §§ 636(b)(1)(B), the court referred the motion to Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). (Order 1, Dkt. No. 4.) On July 7, 2015, he issued his R&R, recommending that the court dismiss the case without prejudice for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). (R&R 6, Dkt. No. 27.) Proper objects to this recommendation and asks the court to proceed with the case. (Pl.'s Resp. to R&R 1, Dkt. No. 29.)

For the following reasons, the court will overrule Proper's objection, adopt the R&R, deny the United States' motion as moot, and dismiss the case without prejudice.

I.  BACKGROUND

In November 2011, Proper began receiving treatment for chronic neck pain at the Veterans Affairs Medical Center (VAMC) in Martinsburg, West Virginia. (Compl. ¶ 1, Dkt. No. 2.) He was first seen by Dr. Shakesprere. (*Id.* ¶ 2.) She prescribed him Gabapentin for the pain. (*Id.*) The medication did not work, though. (*Id.* ¶ 3.) And worse, it caused several side effects, including anxiety, depression, and restlessness. (*Id.* ¶ 4.)

During a subsequent visit, Proper told Dr. Shakesprere about Gabapentin's ineffectiveness and side effects. (*Id.* ¶ 5.) She was unwilling, however, to prescribe him something else. (*Id.*) So he started seeing Dr. Havron instead. (*Id.*) Dr. Havron substituted Pregabalin for Gabapentin. (*Id.* ¶ 6.) But Proper experienced side effects from Pregabalin as well. (*Id.*) After trying to talk to Dr. Havron about those side effects, Proper "realized that [he] would do nothing to address [them]." (*Id.* ¶ 7.) Proper thus told Dr. Havron that he "was discontinuing use of the drug." (*Id.*)

Shortly thereafter, on December 6, 2014, "the effects from the prescribed drug caused [Proper] to freeze on the interstate" and to crash his car. (*Id.*; Dkt. No. 27 at 2 n.3.) He sustained several injuries, including four broken vertebrae and "an inoperable head wound," and the car was totaled. (Dkt. No. 2, ¶ 7.)

On June 13, 2014, Proper completed a Standard Form 95, making a claim against the Department of Veterans Affairs for (as relevant here) the injuries that he suffered in the accident. (Standard Form 95 at 1, Dkt. No. 22-4.) The Department received the claim on June 30. (Def.'s Resp. to Order ¶ 1, Dkt. No. 24.) On December 11, Proper filed this suit against the United States, presumably under the Federal Tort Claims Act (FTCA or Act), 28 U.S.C. §§ 1346(b) and 2671–80, alleging that he has suffered "escalated pain and associated loss from the negligent care of the [VAMC] assigned primary care physicians." (Dkt. No. 2 at 2.)[1] He seeks $2 million in compensatory damages. (*Id.*)

In lieu of answering the complaint, the United States filed a motion for summary judgment, arguing that Proper's claim is barred because Proper failed to comply with certain requirements of the West Virginia Medical Professional Liability Act before bringing suit.

---

[1] Proper named the Department but not the United States in his complaint. The Department, however, is not a proper defendant under the FTCA. *See* 28 U.S.C. §§ 1346(b), 2679(a). Hence, the United States—the only proper defendant, *id.* § 2679(a)—was substituted for the Department by order. (Oral Mot., Dkt. No. 20; Oral Order, Dkt. No. 21.)

(Def.'s Br. in Supp. of Mot. for Summ. J. 2–4 , Dkt. No. 14.)  The court referred the motion to the magistrate judge for an R&R.  (Dkt. No. 4.)  He held a hearing and then issued an order *sua sponte* requiring the parties to address an issue crucial to the court's subject matter jurisdiction under the FTCA—whether Proper exhausted his administrative remedies before filing suit.  (Order 1, Dkt. No. 23.)  The magistrate judge explained that if Proper had failed to do so, then the court would lack subject matter jurisdiction.  (*Id.*)

Both parties complied with the order.  The United States argued that Proper did not exhaust his administrative remedies because he failed to wait six months after the Department of Veterans Affairs had received his claim to bring suit.  (Dkt. No. 24 at 1–2.)  So, the United States insisted, the court lacks subject matter jurisdiction.  (*Id.* at 2.)

In response, Proper did not contest that he failed to wait six months from the Department's receipt of his claim to file suit.  (Pl.'s Mem. in Resp. to Order 1, Dkt. No. 25.)  Rather, he contended that the Department took more than six months to make a decision on the claim.  (*Id.*)

After considering the parties' responses, the magistrate judge issued his R&R, recommending that the court dismiss the case without prejudice for lack of subject matter jurisdiction.  (Dkt. No. 27 at 6.)  Under the FTCA, he reasoned, Proper had to "wait six months after presenting his claim to the department before coming to court.  Proper filed suit two weeks prematurely; thus, this [c]ourt had no authority to hear the case when it was filed."  (*Id.*)[2]

Proper objects to the magistrate judge's recommendation.

## II.  DISCUSSION

### A.  Standard of Review

---

[2] In light of this conclusion, the magistrate judge did not reach the merits of the United States' motion for summary judgment.  (Dkt. No. 27 at 1 n.2.)

In accordance with Federal Rule of Civil Procedure 72(b), a district court must review de novo any portion of a magistrate judge's R&R to which a proper objection has been made. It "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1).

**B. The court lacks subject matter jurisdiction because Proper failed to exhaust his administrative remedies before filing suit.**

The United States is immune from suit absent an express waiver of its sovereign immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The FTCA effects such a waiver "for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Id.* at 651 (quoting 28 U.S.C. § 1346(b)(1)). It imposes liability on the United States for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Before filing suit under the FTCA, though, a claimant must exhaust his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). To do so, he must present his "claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of [the Act]." 28 U.S.C. § 2675(a).

This exhaustion requirement is jurisdictional. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). If a claimant does not await either the final disposition of his claim or the passage of six months without such disposition before bringing suit, then a district court lacks subject matter jurisdiction and the case must be dismissed. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). Further, the district court cannot obtain jurisdiction by simply not acting on

4

the case until the requisite period has expired, since it had no jurisdiction at the time the case was filed. *Id.*

In this case, the magistrate judge determined that Proper did not wait the requisite six months before filing suit. He does not challenge this conclusion. Instead, he maintains that the Department of Veterans Affairs failed to respond to his claim within six months and that "[i]f a private individual failed to perform in the same manner and with the same regard that the department acted it would be within the jurisdiction of the court." (Dkt. No. 29 at 1.)

Maybe so. But unlike a private individual, the United States, as noted above, is immune from suit unless it has expressly waived its sovereign immunity. And while the FTCA constitutes such a waiver, a claimant must first exhaust his administrative remedies before a district court may assert subject matter jurisdiction under the Act. Here, Proper did not exhaust because he failed to wait six months before bringing suit. The court thus lacks subject matter jurisdiction and the case must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court will overrule Proper's objection, adopt the R&R, deny the United States' motion as moot, and dismiss the case without prejudice.

An appropriate order will follow.

Entered: January 21, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge